UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK JAMES FRANKLIN, | No. 2:21-cv-00275 JAM GGH P |
| Petitioner, | |
| v. | ORDER |
| RICK HILL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

*The Habeas Petition*

Petitioner is currently serving a sentence for his 1996 conviction in the Sacramento County Superior Court for two counts of second-degree robbery, one count of possession of a firearm by a felon, and one count for manufacturing, selling, or possession of certain dangerous weapons.

////

1

In his habeas petition, petitioner challenges his denial of parole eligibility pursuant to Proposition 57. Petitioner asserts his parole eligibility denial is in violation of the Ex Post Facto Clause. Specifically, petitioner alleges his robbery conviction was "retroactively" classified as a violent felony thereby making him ineligible for parole consideration. ECF No. 1 at 21. For relief, petitioner requests this court find petitioner was not convicted of a violent felony and that petitioner be "immediately referred to the Board of Parole Hearing for early parole considerations required by Prop[.] 57[.]" Id. at 24.

*Legal Standards*

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 8 also indicates that the court may deny a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law binding on the state courts. Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is unavailable for alleged error in the interpretation or application of state law. Middleton v. Cupp, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986). Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

The Supreme Court has reiterated the standards of review for a federal habeas court. Estelle v. McGuire, 502 U.S. 62 (1991). In Estelle v. McGuire, the Supreme Court reversed the decision of the Court of Appeals for the Ninth Circuit, which had granted federal habeas relief. The Court held that the Ninth Circuit erred in concluding that the evidence was incorrectly admitted under state law since, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Id. at 67-68. The Court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67.

Moreover, the Supreme Court in Swarthout further explained in the parole context, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979)). "When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication—and federal courts will review the application of those constitutionally required procedures." Swarthout, 562 U.S. at 220. "In the context of parole, we have held that the procedures required are minimal." Id.

*Discussion*

Petitioner seeks to challenge his denial for early parole consideration. For relief, petitioner requests his parole be reconsidered by the Board of Parole Hearings. However, the relief petitioner seeks by way of his habeas petition "would not necessarily lead to immediate or speedier release" from custody. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016). Moreover, although petitioner attempts to frame his argument as a violation of the Ex Post Facto Clause, such a claim is meritless. Proposition 57 did not impose additional punishments retroactively to petitioner's sentence, nor did any other modern state statute.

Although the success of petitioner's claims would "not necessarily lead to his immediate or earlier release from confinement" and accordingly does not "fall within the core of habeas corpus," petitioner may be able to set forth civil rights claims pursuant to 42 U.S.C. § 1983. Nettles, 830 F.3d at 935 (quoting Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011))(internal quotations omitted). The undersigned will therefore dismiss the petition with leave to amend to state a civil rights claim.

*In Forma Pauperis Application*

If petitioner chooses to amend and proceed with a civil rights action pursuant to 42 U.S.C. § 1983, the filing fee for civil actions is $400. Petitioner will be required to file an in forma pauperis affidavit or pay the required filing fee of $350.00 plus the $50.00 administrative fee.[1]

---

[1] If leave to file in forma pauperis is granted, petitioner will still be required to pay the filing fee but will be allowed to pay it in installments. Litigants proceeding in forma pauperis are not required to pay

See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $400.00.

Petitioner is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of petitioner's prison trust account statement for the six-month period immediately preceding the filing of this action.

*Opportunity to Amend Complaint under 42 U.S.C. § 1983*

Section 1983 provides:

> Every person who, under color of [state law]...subjects or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges or immunities secured by the Constitution...shall be liable to the party injury in an action of law suit in equity, or other proper proceeding for redress.

The purpose of section 1983 is to give effect to the Fourteenth Amendment to the federal Constitution which states, in principal part that:

> No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Thus, in order to state a claim under section 1983 the plaintiff must plead and prove (1) state action (2) which deprived him of a federal right or interest, and (3) this deprivation did not include constitutionally sufficient notice and an opportunity to be heard before the deprivation was complete. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982), i.e., he must describe conduct that allegedly caused deprivation of a federal right that can be fairly attributable to the state. American Mfrs. Mutual Ins. Co. v. Sullivan, 527 U.S. 40, 50 (1999); Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985). In other words, there must be action taken pursuant to state, or federal, law and significant state involvement in the action taken. Sullivan, 527 U.S. at 50, n.9.

////

---

the $50.00 administrative fee.

In pleading for relief pursuant to 42 U.S.C. § 1983, petitioner must identify each individual government official who he believes specifically took part in the alleged acts. Petitioner is cautioned that he cannot bring suit against a government agency, such as California Department of Corrections and Rehabilitation, but must instead specifically identify each individual government official.

If petitioner determines to replead under 42 U.S.C. § 1983 he must conform his pleading to the dictates of Federal Rule of Civil Procedure 8(a)(2) which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the...claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, supra, 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, supra, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled o.g., Davis v. Scherer, 468 U.S. 183 (1984).

Further, petitioner is informed that the court cannot refer to a prior pleading in order to make petitioner's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once petitioner files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

*Conclusion*

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis (ECF No. 2) is granted;

2. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the required fees in the amount of $402.00; Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed;

3. The petition for habeas corpus is DISMISSED with leave to amend to state a civil rights claim;

4. Petitioner is granted thirty days from the date of service of this order to file an amended complaint that conforms to the terms of this Order;

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that the petition be dismissed without leave to amend; and

6. The Clerk of the Court is directed to send petitioner a new Application to Proceed In Forma Pauperis By a Prisoner and a blank form complaint for civil rights claims brought pursuant to 42 U.S.C. § 1983.

Dated: March 3, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE